STOULIG, Judge.
Plaintiffs, Mrs. Mabel Quatroy, wife of/and Peter Quatroy, filed suit on a $7,500 promissory note against its maker James J. Culotta. Defendant based his affirmative defense and a reconventional demand against plaintiffs on the alleged breach of a contract between Mrs. Quatroy and Lotta Homes, Inc., a corporation of which Culotta is president. Plaintiffs excepted to the re-conventional demand and a judgment maintaining “the exceptions of no right of action and improper parties plaintiff and defendant” was rendered on May 15,1978. Culot-ta has appealed the judgment dismissing his reconventional demand.
When read as a whole the pleadings indicate that Mrs. Quatroy entered into a contract with the corporation. Defendant’s answer to Article 6 states:
“Upon the strength of said representation, respondent agreed to purchase five of said lots, and did, in fact, through Lotta Homes, Inc., a corporation of which respondent is the President and principal shareholder, purchase five of the above mentioned lots, to-wit, Lots 159, 160, 161, 214, and 216, and respondent undertook to construct residences thereon for the said Lotta Homes, Inc.”
From the standpoint of having the capacity to sue and be sued, Culotta and his corporation Lotta Homes, Inc., are two separate entities. Therefore, Culotta cannot urge the corporation’s alleged claim against the plaintiffs as a bar to their right to recover against him individually.
As we previously stated, the phrasing of the answer indicates to us the corporation acted with Mrs. Quatroy in this venture, assuming for the purposes of this discussion all allegations of fact in the answer are *1210 true. However in answering Article 4, defendant states in part that “on December 4, 1975, respondent and plaintiff, Mrs. Mabel M. Quatroy, had entered into a joint venture agreement for the development of a certain tract of land in the Parish of St. Bernard.” Contrary to all the remaining allegations, this indicates the agreement was between Mrs. Quatroy and Culotta individually.
As the record is now constituted the pleadings do not reflect Culotta individually may assert the reconventional demand urged. That claim appears to belong to the corporation. However to insure justice, we remand this matter to permit defendant to plead his affirmative defense and reconven-tional demand if the joint venture was in fact an enterprise between him individually and Mrs. Quatroy, rather than between her and the corporation over which he presides.
For the reasons assigned the judgment maintaining the exception of no right of action is affirmed and this matter is remanded for further proceedings consistent with the views herein expressed. Appellant is to pay all costs of this appeal.

AFFIRMED AND REMANDED.